UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-165 |
| v. | * | SECTION: "D" |
| JEFFREY PAUL VAPPIE, II | * | |

                     *   *   *

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S PROPOSED ADDITION TO AGREED SCHEDULING ORDER

The Defense has proposed the inclusion of the following language in the Scheduling Order.

"Affirmative defenses will be asserted in accordance with law, including without limitation, Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, if applicable."

The Defense and the Prosecution have agreed upon a broad Scheduling Order that includes a host of topics that are *not* routinely included in scheduling orders[1], but which will ensure an orderly succession of pretrial and trial events. However, we cannot agree to the prosecution's demand regarding affirmative defenses. In addition to this written submission, Defense Counsel is prepared to address this issue with the Court in an *ex parte* conference.

The Federal Rules of Criminal Procedure require the defendant to provide pretrial notice of three—and *only* three—affirmative defenses. Fed. R. Crim. P. 12.1 (alibi); 12.2 (insanity); 12.3 (public authority). The prosecution's attempt to require the defense to raise *any* other affirmative defense before the Government has even presented a case sufficient to survive a Rule 29 motion is contrary to the Rules, unsupported by the cases the prosecution cites, and would constitute a violation of due process.

---

[1] As one example, the Defense agreed to regulate the timing and issuance of Rule 17(c) subpoenas, which, practically speaking, *restricts only the Defense*, since the prosecution already had use of the Grand Jury to obtain documents without Defendant's knowledge or any right to object.

The prosecution offers four rationales for departing from the language in the Federal Rules. All of them fall flat.

1. **The Prosecution's Proposal is Not Consistent with Either the Language or the "Spirit" of the Federal Rules of Criminal Procedure.**

As stated *supra*, the Rules require disclosure of only three affirmative defenses: alibi, insanity, public authority. Fed. R. Crim. P. 12.1, 12.2, 12.3. These defenses have in common that if raised at trial they will result in unnecessary interruption or delay. *See* Fed. R. Crim. P. 12.1, adv. cmte notes (referencing "interruption and delay"); Fed. R. Crim. P. 12.2, adv. cmte notes (insanity "require[s] reliance upon expert testimony" and "results in the necessity for a continuance" during trial). But that is not true of *every* potential affirmative defense, and the Rules do not require disclosure of every defense—only those three.

The prosecution tells this Court that its "proposed verbiage tracks [the Federal Rules]" and "clarifies [their] spirit." No it does not. Quite the opposite. The Defense proposes citing and <u>applying the Rules</u>: *"Affirmative defenses will be asserted in accordance with law, including without limitation, Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, if applicable."* The prosecution seeks to add requirements that could have been—but were not—included in the Rules. The text of the Federal Rules governs, and the prosecution cannot alchemize the Rules into something they don't say by purporting to invoke their "spirit."

2. **The Cases Cited by the Prosecution Do Not Support Its Position.**

The prosecution cites nine cases and asserts that "Courts in this district regularly include deadlines for pretrial defense disclosure of affirmative defenses, including advice of counsel . . .". As an initial matter, the prosecution's statement is incorrect. In at least two of those cases the Courts entered three scheduling orders and *none* of those orders required disclosure of affirmative defenses. *See United States v. Hungerford*, 18- cr-112, ECF #61 (Africk, J.); *United States v.*

*Meffert*, No. 09- cr-374, ECF #31, #192 (Fallon, J.). Thus, to paraphrase the prosecution, it is equally true that "Courts in this district regularly [issue Scheduling Orders that do not include] deadlines for pretrial defense disclosure of affirmative defenses."

Next, in five[2] of the nine cases, the parties appear to have submitted an *agreed upon scheduling order* that contains the exact language the government seeks here. Defense counsel in those cases may have had strategic reasons for agreeing to the prosecution's language. Maybe they thought the issue wasn't important. Maybe they overlooked it. Whatever the reasons, there was no objection to the government's overbroad language and so no Court ever addressed it. There is an objection here, and the language of the Federal Rules of Criminal Procedure are what govern. Not pro-prosecution language that was drafted long ago in the U.S. Attorney's Office and passed down through the decades.

### 3. The Advice of Counsel Cases the Prosecution Cites Are Inapposite.

The remaining cases cited by the prosecution involve advice of counsel[3], but that is not how the prosecution describes them. Rather, it cites them for the generic proposition that courts "have issued disclosure deadlines and ruled on potential affirmative defenses prior to trial, frequently over the objection of the defendant." That isn't accurate. In fact, in *Crinel*, Judge Morgan expressly rejected the government's assertion that advice of counsel is even an affirmative defense.

In *Crinel*, the issue did not arise pretrial due to any scheduling order. Rather, the government moved *in limine* stating that it "anticipates that the Defendants may attempt to offer evidence that they received legal advice that purportedly permitted some or all of the charged

---

[2] *United States v. Morrell*, No. 24-cr-003; *United States v. Massey*, No. 22-cr-205, ECF #71 (Vitter, J.); *United States v. Brewton*, No. 22-cr-22; *United States v. Strain*, No. 19- cr-173; *United States v. Borino*, No. 19-cr-237, ECF#40 (Vitter, J.).
[3] The defense is not raising advice of counsel in this case and will so stipulate.

conduct. Such reliance upon advice of counsel is an affirmative defense." *Crinel*, 15-cr-61, ECF 702-1, at 12 (citing *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002)). The Government objected to Defendant being able to raise the issue without having waived attorney-client privilege.

Judge Morgan ultimately held that the defendant must waive privilege to raise the defense and set a deadline to seek an evidentiary hearing, but she squarely rejected the government's citation to *Newell* and its argument that advice of counsel is an affirmative defense. As Judge Morgan stated:

> After reviewing the opinion in *Newell*, it is clear to this Court that *the Fifth Circuit did not adopt the D.C. Circuit's interpretation that reliance on advice-of-counsel is an affirmative defense*. . . the Fifth Circuit has stated, "Strictly speaking, good faith reliance on advice of counsel is not really a defense to an allegation of fraud but is the basis for a jury instruction on whether or not the defendant possessed the requisite specific intent."

*Crinel*, No. 15-cr-61, ECF #833, at 23 (Morgan, J.) (emphasis added).

In sum, the prosecution's citation to advice of counsel cases for its generic assertion that Courts in this district have "ruled on potential affirmative defenses prior to trial, frequently over the objection of the defendant," is not supported by *Crinel* or the other cases the prosecution cites, *Impastato* or *Meffert*. Advice of counsel is an issue that requires a pretrial evidentiary hearing. Affirmative defenses do not all require a pretrial hearing; hence the Rules require pretrial disclosure of only three such defenses, none of which are being raised here.

**4.    The Government's Appeal to an Orderly Trial Is Not a Basis to Overwrite the Federal Rules and Stack The Deck Against the Defendant.**

The Government's final argument that the Defense should be forced to reveal all potential affirmative defenses before the government has even met its burden of proof is that this "would allow the parties sufficient opportunity to address issues thoughtfully and permit the Court ample time to consider the issue and render a reasoned decision." Moreover, "postponing disputes until trial . . . invites unnecessary delay and complication after a jury has been seated."

4

This argument is sophistry. By the prosecution's logic, the defense should be ordered to disclose all of its cross-examination questions in advance of trial, so the prosecution can object to them and the Court can rule before a jury has been seated. That would be an orderly method of ensuring the prosecution has every advantage and that the trial will proceed to an well ordered conviction of the defendant. But due process dictates otherwise. Here, the parties have agreed to a comprehensive and thorough pretrial scheduling order that will ensure due process *and* the proper administration of justice. The prosecution does not need the deck of justice stacked in its favor by a pretrial order that goes far beyond what the Federal Rules require.

Respectfully submitted,

/s/Harry Rosenberg
Harry Rosenberg
**PHELPS DUNBAR LLP**
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
harry.rosenberg@phelps.com

/s/ Shaun G. Clarke
Shaun G. Clarke (La. Bar No. 24054)
**MURPHY BALL STRATTON LLP**
650 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 977-1110
sclarke@mbssmartlaw.com

**COUNSEL FOR DEFENDANT,
JEFFREY PAUL VAPPIE, II**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served electronically on October 23, 2024, upon all attorneys of record via the Court's CM/ECF system.

                                  /s/ Shaun G. Clarke